————o————

Nos. 6348, 6359.

**BENSEL REALTY COMPANY, LIMITED, vs. JOHN HENRY KLEIN, ET AL.**

Syllabus.

A promise given by one laboring under an error of fact is not binding upon him.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 104,587. Honorable Porter Parker, Judge.

Geo. J. Untereiner, for plaintiff and appellee.

Merrick, Lewis, Gensler & Schwarz, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

On May 10th, 1912, plaintiff gave written authority to its agent, R. McWilliams, to sell its property for $2,500, and agreed to allow the agent a commission of 2½ for effecting a sale.

On September 30th, 1912, the agent obtained from Henry Klein a binding agreement to purchase the prop-

— 276 —

erty for the said price of $2,500, and took from the latter a deposit of $250.

On October 3rd, 1912, plaintiff then apparently in ignorance of the fact that a purchaser had already been secured, wrote to the agent that he might sell the property for not less than $2,300, and retain as his commission all that he could obtain for said property above said $2,300.

Klein failed to keep his agreement by completing the purchase and allowed his deposit to be declared forfeited in these proceedings from which judgment Klein has not appealed.

The only question presented here is whether McWilliams is entitled to a commission of 2½% under the contract of May 20th, or to $200 under the terms of the letter of October 3rd.

It is clear that by its letter of October 3rd, plaintiff did not contemplate making a gift to its agent, but intended to stimulate the efforts of the latter to procure a purchaser; it was evidently written under the impression that a purchaser had not yet been found, and contemplated a sale to be made thereafter, not one already made; and a promise given by one laboring under an error of fact is not binding upon him.

The Judge of the trial Court allowed only the commission agreed upon by the contract of May 20th, and his judgment to that extent is correct.

By an oversight, however, the commission was made 2%, or $50, instead of 2½%, or $62.50; but this was an error which might have been corrected by the Court a qua upon an application for a new trial, which was not made. In fact this oversight was barely referred to in argument before us, and the appeal by McWilliams was

not taken for the purpose of correcting that error, but for the purpose of claiming the commission of $200 under the letter of October 3rd, to which he is clearly not entitled.

Under the circumstances we will correct the oversight, but McWilliams will have to bear his own costs of appeal.

The other appeal, taken by plaintiff, so far as it affects Klein, presents a mere moot question; and so far as it seeks to deny McWilliams any commission, is without merit. McWilliams was clearly entitled to a commission under the first contract, and he owed no interest on the deposit as long as there was a controversy between plaintiff and Klein, which controversy was only ended by the judgment herein. Plaintiff will therefore also have to bear his own costs of appeal.

It is therefore ordered that the judgment appealed from be amended by increasing the amount allowed R. McWilliams from $50 to $62.50 (sixty-two 50/100 dollars); and as thus amended the judgment is affirmed, each appellant to pay his own costs of appeal.

Opinion and decree, March 29th, 1915.